FILED

JUL 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNESTO RIVAS LOPEZ, | No. 10-55058 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00457-LAB-AJB |
| v. | |
| MACK JENKINS, Chief Probation Officer, San Diego County Probation Department; EDMUND G. BROWN, Jr., Attorney General, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 12, 2011
Pasadena, California

Before: FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ernesto Lopez, a citizen of Mexico residing in the U.S. on a grant of asylum, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] We affirm.

Lopez first argues his trial counsel was constitutionally ineffective in failing to adequately investigate defenses to three state-law counts of possession for sale of a controlled substance. Specifically, Lopez complains that his counsel should have presented trial testimony from four of Lopez's friends, all of whom stated in declarations that they had no knowledge of Lopez ever selling drugs. Lopez was ultimately convicted on all three counts.

The California Court of Appeal[2] did not unreasonably apply Supreme Court precedent, *see* § 2254(d)(1), when it concluded that the testimony of Lopez's friends would not have been "'reasonably likely'" to change the outcome at trial. *See Harrington v. Richter*, 131 S. Ct. 770, 792 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 696 (1968)). Nor did the state appellate court make an

---

[1] The parties are familiar with the facts. We repeat them only as necessary to explain our disposition.

[2] We review the "last reasoned decision" by a state court. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (internal quotation omitted). The last reasoned decision here is the California Court of Appeal's order denying Lopez's state habeas petition.

"unreasonable determination of the facts" when it rejected this claim. *See* §
2254(d)(2).

Lopez also argues his trial counsel was constitutionally ineffective in failing
to advise him about the possibility of "pleading up" from the possession-for-sale
counts—which are aggravated felonies under federal immigration law, *see, e.g.*,
*United States v. Moreno-Cisneros*, 319 F.3d 456, 457 (9th Cir. 2003) (citing 8
U.S.C. § 1101(a)(43)(B))—to similar but nonaggravated felonies. According to
Lopez, pleading up would have resulted in a longer prison sentence but spared him
the adverse immigration consequences of an aggravated-felony conviction—i.e.,
mandatory loss of asylum and removal from the country. *See* 8 U.S.C. §
1227(a)(2)(A)(iii); 8 U.S.C. § 1229b(a)(3).

The California Court of Appeal did not err in rejecting this claim. Two San
Diego prosecutors submitted declarations stating unequivocally that they would not
have accepted an upward plea because it was against their office's policy to do so.
Lopez's only evidence to the contrary was his trial counsel's unsubstantiated belief
that he could have successfully negotiated the plea. Lopez did not introduce any
evidence supporting this belief—e.g., evidence that the San Diego District
Attorney's Office had ever accepted an upward plea in similar circumstances.

Also, despite his arguments on appeal, Lopez cannot show a factual basis supporting any nonaggravated felony. Without a factual basis, the trial court could not have accepted any upward plea. Cal. Penal Code § 1192.5.

The California Court of Appeal did not unreasonably conclude that Lopez failed to show prejudice on this claim. *See* § 2254(d)(1). Nor was it unreasonable to credit the prosecutors' specific declarations over the unsubstantiated conjecture offered by Lopez's counsel. *See* § 2254(d)(2). Lopez's citations to *Taylor v. Maddox*, 366 F.3d 992, 1005–06 (9th Cir. 2004), which involved a state court's disregard for "highly probative" evidence about a jailhouse confession, are unavailing.

Finally, we decline to remand to the district court for an evidentiary hearing. Lopez has not presented a "colorable claim" of ineffective assistance. *See Earp v. Ornoski*, 431 F.3d 1158, 1166–67 (9th Cir. 2005). And even if Lopez had presented a colorable claim, it is unclear whether remanding for a federal evidentiary hearing would serve any purpose in light of the Supreme Court's recent decision in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 1400 n.7 (2011) (holding that federal habeas review under § 2254(d) is limited to the state-court record).

**AFFIRMED.**